IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD B.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 3441 |
| v. | ) | |
| | ) | Magistrate Judge |
| MICHELLE KING, Acting | ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Richard B.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [14] is granted in part, and the Commissioner's cross-motion for summary judgment [15] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Michelle King has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 24, 2021 and September 30, 2021, respectively, Plaintiff filed claims for DIB and SSI, alleging disability since February 27, 2021. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on June 27, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On August 22, 2023, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 27, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: depression disorder; anxiety disorder; alcoholism in recent remission; status-post

left foot surgery; and chronic obstructive pulmonary disease. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: occasional climbing and occasional exposure to extremes of heat or to fumes, odors, dusts, and other pulmonary irritants; and is limited to simple, routine tasks, and occasional interactions with the public. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as an antenna installer. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## **DISCUSSION**

### I.   **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ inappropriately interpreted raw diagnostic findings; (2) the ALJ failed to properly accommodate Plaintiff's moderate limitations in concentration, persistence, or pace; (3) the ALJ failed to account for evidence of absenteeism; and (4) the ALJ's symptom evaluation was deficient.

In advancing his first argument, Plaintiff contends that the ALJ erroneously "played doctor" by interpreting certain medical tests without the aid of expert review. ([14] at 2-4.) In particular, Plaintiff points to Pulmonary Function Test (PFT) and computerized tomography (CT) findings from March and April 2023 concerning his lung condition. Plaintiff asserts that the ALJ erred by construing these "complex raw test results." (*Id.* at 3.) Pertinent to Plaintiff's arguments, it appears that the last State agency medical review occurred in September 2022. Nevertheless, the ALJ evaluated lung-related test results post-dating that review, stating as follows in his decision:

> In March 2023, care providers noted that the claimant had chronic shortness of breath that was stable but no cough or wheezes. Pulmonary function testing in April 2023 again showed a severe obstructive lung defect, but also good response to bronchodilator. Further, diagnostic imaging of the chest in March 2023 showed unchanged moderate emphysematous lung changes. Moreover, the record does not indicate that the claimant experienced any respiratory exacerbations requiring hospitalization since the December 2021 hospital stay.

(R. 47 (citations omitted).)

The Seventh Circuit has stated repeatedly that an ALJ may not "play[] doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (internal quotations omitted). As such, "the ALJ must seek an additional medical opinion if there is potentially decisive evidence that postdates the state agency consultant's opinion." *Brian M. v. Kijakazi*, No. 22-CV-191, 2023 WL 5852193, at *5 (N.D. Ill. Sept. 11, 2023) (citation omitted). The Seventh Circuit "has been especially critical of ALJs' attempts to deduce the meaning of complex medical documents, such as MRIs." *Tobias B. v. Kijakazi*, No. 20-CV-2959, 2022 WL 4356857, at *6 (N.D. Ill. Sept. 20, 2022) (citations omitted). Furthermore, "courts in this circuit have held on numerous occasions [that] it is for doctors, and not ALJs to interpret x-rays, MRIs, and other raw medical data, even if those scans appear to be mild or unremarkable." *Theresa M. v. Saul*, No. 19 C 3135, 2020 WL 7641286, at *5 (N.D. Ill. Dec. 23, 2020) (citations omitted).

Based on this legal authority, with respect to Plaintiff's lung condition, the Court finds that the ALJ erred by independently interpreting potentially decisive raw medical data bearing upon, *inter alia*, possible listing-level severity. *See Lori K. v. O'Malley*, No. 22 C 50367, 2024 WL 5239412, at *5 (N.D. Ill. Dec. 27, 2024) ("While a radiologist characterized the x-rays as showing mild degenerative changes, the ALJ, and not a doctor, decided what that meant with respect to Plaintiff's pain. Therefore, the ALJ's determination was thus not supported by substantial evidence."). The ALJ's error was not harmless, including because

7

Plaintiff alleged serious breathing issues that are inconsistent with his ability to perform light work. (R. 71.) As such, this matter must be remanded. *See Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021) ("Although a close question, we conclude that the ALJ erred by not soliciting an updated medical opinion interpreting Kemplen's July and September 2017 X-rays."); *Nichole M. S. v. Saul*, No. 19 C 7798, 2021 U.S. Dist. LEXIS 26993, at *41 (N.D. Ill. Feb. 12, 2021) ("In sum, the ALJ erred in relying on outdated opinions of the state agency psychological consultants and on his own lay interpretation of the subsequent mental health records. A remand is required so the ALJ can reevaluate Nichole's mental RFC based upon opinion evidence from psychological experts who have considered the entire record."); *Apr. T. v. Saul*, No. 20-CV-1670, 2022 WL 972323, at *3 (N.D. Ill. Mar. 31, 2022) ("[I]t appears as though the ALJ interpreted a number of medical documents without the benefit of medical scrutiny. The ALJ's interpretation of raw medical evidence was error. . . .Given these significant shortcomings, the Court finds that the ALJ did not fully and fairly develop the record such that remand is warranted.") (citations omitted).

      Defendant contends that the ALJ did not err in evaluating the medical data because he only "echoed what the interpreting radiologists and interpreting pulmonologists stated." ([16] at 3.) However, the Court finds that the ALJ went beyond paraphrasing in discounting Plaintiff's lung condition because Plaintiff had a "good response to bronchodilator"[3] and "unchanged moderate emphysematous

---

[3] Plaintiff points out that "[e]ven with a good response, [his] FEV1 score was far lower than in 2022 and near listing level." ([17] at 3.)

8

lung changes." *See Lori K.*, 2024 WL 5239412 at *5. Defendant also argues that "the ALJ was not required to submit the 2023 pulmonary function testing to medical scrutiny because it did not reflect anything different from the prior year's study." ([16] at 4.) However, Plaintiff points out that "[t]he prior year March 2022 PFT was far above Listing level, with an initial FEV1 level of 2.05 and post bronchodilator level of 2.19" while "[t]he April 2023 PFT demonstrated an initial FEV1 value *below* Listing level, at 1.34, and a post bronchodilator value of 1.62." ([17] at 1.) As such, Defendant's assertion that the updated testing "did not reflect anything different" is inaccurate. Ultimately, the interpretation of the PFT and CT evidence is within the province of a medical expert. This Court, too, is not qualified to interpret the test results, and the Court will refrain from playing doctor itself. *See Aaron P. v. O'Malley*, No. 22-CV-6254, 2024 WL 3566638, at *6 (N.D. Ill. July 29, 2024) ("[T]he Court cannot play doctor (just as it would have been impermissible for the ALJ to have) by extrapolating raw medical data.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's mental deficits are properly accounted for, evidence of absenteeism is properly considered, and Plaintiff's alleged symptoms are properly assessed.

9

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [14] is granted in part, and the Commissioner's cross-motion for summary judgment [15] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. In particular, the Commissioner shall take the appropriate steps to obtain an updated medical review of the evidence discussed in this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:    January 30, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**